T.C. Memo. 1996-185

UNITED STATES TAX COURT

MARIO KELVIN ARREDONDO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25906-95.                    Filed April 17, 1996.

Mario Kelvin Arredondo, pro se.

Richard S. Goldstein and Michael L. Boman, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, as supplemented, filed pursuant to Rule 40.

Petitioner resided in Carthage, Missouri, at the time that the petition was filed with the Court.

Respondent's Notice of Deficiency

Respondent issued a notice of deficiency to petitioner dated September 13, 1995. In said notice, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax:

| | | Additions to Tax | |
|------|------------|-----------------|---------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1991 | $3,949 | $976 | $224 |
| 1992 | 4,018 | 995 | 174 |
| 1993 | 4,293 | 1,073 | 182 |

The deficiencies in income taxes, which include deficiencies in self-employment taxes, are based on respondent's determination that petitioner failed to report income as reflected in the following schedules:

| 1991 | | |
|------|-------|--------|
| Income | Payor | Amount |
| Wages[2] | Pizza Hut | $1,803 |
| Nonemployee compensation | Carthage Press | 2,387 |
| Other self-employment income | | 13,379 |

[2]Respondent has given petitioner credit for amounts withheld from his taxes insofar as his ultimate tax liability is concerned. However, the determination

of a statutory deficiency does not take such amounts into account.  See sec.
6211(b)(1).

**1992**

| Income | Payor | Amount |
|--------|-------|--------|
| Wages[3] | Pizza Hut | $1,189 |
| Nonemployee compensation | Carthage Press | 2,387 |
| "        " | Kansas City Star | 4,665 |
| Other self-employment income | | 9,469 |

[3]See *supra* note 2.

**1993**

| Income | Payor | Amount |
|--------|-------|--------|
| Interest | Boatmen's Bank | $16 |
| " | United Missouri Bank | 7 |
| Nonemployee compensation | Carthage Press | 994 |
| "      " | Kansas City Star | 11,746 |
| "      " | APC Mo. Holdings, Inc. | 951 |
| "      " | Kirksville Publishing | 951 |
| Other self-employment income | | 3,564 |

The additions to tax under section 6651(a)(1) are based on
respondent's determination that petitioner's failure to timely
file income tax returns for the taxable years in issue was not
due to reasonable cause.  Finally, the additions to tax under
section 6654(a) are based on respondent's determination that
petitioner failed to pay the required amount of estimated taxes
for the taxable years in issue.

## Petitioner's Petition

Petitioner filed his petition on December 12, 1995.  The
crux of petitioner's position is that nothing in subtitle A of

the Internal Revenue Code makes him liable for any income taxes because, inter alia, the income tax is an excise tax that can be assessed only against those who are either licensed or incorporated.  Thus, the petition includes the following allegations:

> 1) No where in subtitle A can a code be found making me liable for an "Income Tax".  * * *
>
>      *    *    *    *    *    *    *
>
> 6) The mission statement of the Internal Revenue Service stating that the Income Tax relied upon "voluntary compliance" and a statement from the Head of the Alcohol and Tobacco tax division of the IRS which in essence showed that the Income Tax is 100% voluntary as opposed to the Alcohol and Tax which is 100% enforced. [Errors in the original.]
>
> 7) Since I'm not enjoying any corporate privileges nor am I engaged in any privileged occupation that Income or Earnings from the exercise of common right could not be taxed as an excise or otherwise. [Errors in the original.]

## Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted.[2]  On January 29, 1996, shortly after respondent filed her motion to dismiss, the Court issued and served an order calendaring respondent's motion for hearing and also directing petitioner to

---

[2] Respondent subsequently supplemented her motion to dismiss to account for a computational error in the determination of the deficiency for 1993.  Respondent now contends that the deficiency for that year should be $4,290, rather than $4,293 as determined in the notice of deficiency.

file a proper amended petition in accordance with the requirements of Rule 34. In particular, the Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. Petitioner failed to respond to the Court's order.

Respondent's motion to dismiss was called for hearing pursuant to notice in Washington, D.C., on March 6, 1996. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing. However, he did file a Rule 50(c) statement with the Court shortly before the hearing.

In his Rule 50(c) statement, petitioner again reiterated his claim that individuals are not liable for any income tax. Thus, petitioner's Rule 50(c) statement includes the following statements:

> 3. After extensive research, I cannot find any code or section of a code that states that individuals are required to file or pay income taxes or is LIABLE for the tax. * * * Since no code or section of a code states that individuals are LIABLE for income taxes, require to file a return or require to pay such a tax. The only conclusion that I can see is that I am not LIABLE for such tax or require to file a return or require to pay for such tax as set forth by code section 6011 and the privacy act. [Errors in the original.]

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and any addition to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5). There is neither assignment of error nor allegation of fact in support of any justiciable claim. Rather, there is nothing but tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from the petition previously quoted. See Abrams v. Commissioner, 82 T.C. 403 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated January 29, 1996, provided petitioner with an opportunity to assign error and allege specific facts concerning his liability for the taxable years in issue. Unfortunately, petitioner failed to respond to the Court's order. We see no need to catalog petitioner's arguments and painstakingly address them. As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that individuals are subject to the income tax under subtitle A of the Internal Revenue Code. E.g., Zyglis v. Commissioner, T.C. Memo. 1993-341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994). See sec. 1(a)-(d). Moreover, petitioner's claim that the income tax is an excise tax that can only be assessed against those who are either licensed

or incorporated is frivolous.  Martin v. Commissioner, 756 F.2d 38, 40 (6th Cir. 1985), affg. T.C. Memo. 1983-473.

Because the petition fails to state a claim upon which relief can be granted, we will grant respondent's motion to dismiss, as supplemented.  See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notice of deficiency.  Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's position, as set forth in the petition and the Rule 50 statement, consists solely of tax

protester rhetoric and legalistic gibberish.  Based on well established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $1,000.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411.

In order to reflect the foregoing,

An order of dismissal and decision will be entered.[3]

---

[3] See supra note 2.